**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| AMBER LAVIGNE,<br><br>Plaintiff,<br><br>GREAT SALT BAY COMMUNITY SCHOOL BOARD; SAMUEL ROY, in his official capacity as a social worker for the Great Salt Bay Community School; JESSICA BERK, in her official capacity as a social worker at the Great Salt Bay Community School; KIM SCHAFF, in her official capacity as the principal at the Great Salt Bay Community School; LYNSEY JOHNSTON, in her official capacity as the Superintendent of Schools for Central Lincoln County School System,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES** |

**INTRODUCTION**

1.    This is a federal civil rights action to vindicate Plaintiff Amber Lavigne's fundamental constitutional right to direct the upbringing of her child.

2.    The U.S. Supreme Court has consistently held over the past century that one of the rights protected by the Fourteenth Amendment is the right of parents to control and direct the care, custody, education, upbringing, and healthcare decisions, etc., of their children—a right the Court has characterized as fundamental.

3.    Defendants violated that right by giving Plaintiff's 13-year-old daughter, referred to herein as A.B., a chest binder—a garment to compress breasts to appear male—and by using gender-pronouns and a name not associated with A.B.'s biological sex, without informing Plaintiff

of these facts, or providing any process through which Plaintiff could express her opinion respecting these practices.

4.      Pursuant to its official policy, pattern, and practice Defendants intentionally concealed this information—information that any conscientious parent would rightly want to know about her child—from her, thereby purposely depriving her of the capacity to meaningfully make decisions regarding the care and upbringing of A.B. This policy, pattern, and practice also deprived Plaintiff of the capacity to exercise meaningful choice respecting A.B.'s education, because such concealment deprived Plaintiff of information necessary to make an informed decision respecting which school is best suited to her family's needs.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Amber Lavigne resides in Newcastle, Maine. She is the mother of A.B, a minor who at the time of the injuries recounted herein was 13 years old and a student at the Great Salt Bay Community School.

6.      Defendant Samuel Roy is, and at all relevant times was, a social worker employed by the Great Salt Bay Community School and provided counseling to A.B. Plaintiff is informed and believes, and on that basis alleges, that Mr. Roy, in his official capacity, is bound by, and is authorized to implement, the policies of the Great Salt Bay Community School and the Great Salt Bay School Board, including those requiring concealment of information from Plaintiff. In all of his actions and omissions alleged herein, Mr. Roy was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

7.      Defendant Jessica Berk is, and at all relevant times was, a social worker employed by the Great Salt Bay Community School and had interactions with A.B. Plaintiff is informed and

believes, and on that basis alleges, that Ms. Berk, in her official capacity, is bound by, and is authorized to implement, the policies of the Great Salt Bay Community School and the Great Salt Bay School Board, including those requiring concealment of information from Plaintiff. In all of her actions and omissions alleged herein, Ms. Berk was acting under color of state law and is being sued in this action in her official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

8.    Defendant Kim Schaff is, and at all relevant times was, the principal of the Great Salt Bay Community School. Plaintiff is informed and believes, and on that basis alleges, that Ms. Schaff, in her official capacity, is bound by, and is authorized to implement, the policies of the Great Salt Bay Community School and the Great Salt Bay School Board, including those policies requiring concealment of information from Plaintiff. In all of her actions and omissions alleged herein, Ms. Schaff was acting under color of state law and is being sued in this action in her official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

9.    Defendant Lynsey Johnston is, and at all relevant times was, the Superintendent of Schools for Central Lincoln County School System which is governed through an Alternative Organizational Structure [hereinafter AOS 93]. Plaintiff is informed and believes, and on that basis alleges, that Ms. Johnston, in her official capacity, is authorized and required to ensure that the Great Salt Bay Community School complied with the polices and rules adopted by the Great Salt Bay School Board and with state laws and rules, including those policies requiring concealment of information from Plaintiff. In all of her actions and omissions alleged herein, Ms. Johnston was acting under color of state law and is being sued in this action in her official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

10.    Defendant Great Salt Bay Community School District Board is the governing body for the Great Salt Bay Community School, which serves families in Damariscotta, Newcastle, and Bremen. The School Board is authorized to make all reasonable rules, regulations, and policies, consistent with law, for the management of the Great Salt Bay Community School. It is a jural entity with the capacity to sue and be sued.

11.    Plaintiff's action, filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201(a) and 2202, seeks a declaration that the Great Salt Bay Community School Transgender Student Guidelines are unconstitutional insofar as they provide for the concealment of, or do not mandate informing parents of, a decision to provide "gender-affirming" care to a student which includes, but is not limited to, the calling of the child by a different name, the referring to the child with pronouns not typically associated with the child's biological sex, and the giving of garments, including chest binders to flatten breasts, along with instructions for use. This concealment of information is an injury to the Plaintiff caused by Defendants acting under color of state law.

12.    This Court possesses jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3), and 42 U.S.C. § 1988.

13.    This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

14.    Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in this judicial district because Defendants reside within it and the events giving rise to Plaintiff's claims occurred within it.

## STATEMENT OF FACTS

15.     Maine law requires every school-age child to "be provided an opportunity to receive the benefits of a free public education." Me. Rev. Stat. Ann., Tit. 20-A, § 2(1). All children over 6 years of age and under 17 years of age must attend a *public* school, subject to certain approved alternatives. Me. Rev. Stat. tit. 20-A, § 5001-A(1).

16.     Beginning in September 2019 Plaintiff sent her minor child, A.B., to the Great Salt Bay Community School in Damariscotta, Maine.

17.     Plaintiff has two other children, C.D., and E.F. who are four and almost two respectively and will fall under Maine's compulsory attendance law in two and four years respectively.

18.     Plaintiff was generally pleased with the education A.B. received at Great Salt Bay Community School and still would be sending A.B. to that school, if not for the unlawful actions herein alleged.

19.     Plaintiff also plans and intends to send C.D. and E.F. to Great Salt Bay Community School if the unlawful acts and omissions as alleged herein are remedied.

20.     On December 2, 2022, Plaintiff was assisting A.B. in cleaning A.B.'s room at home when she discovered a chest binder—a device used to flatten a female's chest so as to appear male. Upon inquiry, A.B. explained that Defendant Samuel Roy gave it to A.B. at Great Salt Bay Community School and instructed A.B. on how to use it. *See* photos attached as Exhibit 1.

21.     Plaintiff had never been informed before that A.B. had been given a chest binder at the school or instructed about its use.  Plaintiff is informed and believes, and on that basis alleges,

that this was the result of the Great Salt Bay School's blanket policy, pattern, and practice of intentional withholding and concealment of such information from all parents.

22.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Roy gave A.B. the chest binder in his office and told A.B. that he was not going to tell A.B.' parents about the chest binder, and A.B. need not do so either.

23.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Roy gave A.B. a second chest binder at the same time. *See* Exhibit 1.

24.     Chest binders are not medical devices, but there are potential health risks associated with the wearing of such binders, including difficulty breathing, back pain, and numbness in the extremities.

25.     Sexual identity, gender identification, and body image, particularly with respect to such sexual characteristics as the female breast, are vitally important and intimate psychological matters, central to an individual's personality and self-image, and a crucial element in how people relate to the world. The significance of such matters is even greater with respect to young people, particularly teenagers going through puberty. Consequently, any conscientious parent has a legitimate interest in knowing information respecting his or her child's sexual and psychological maturation, including but not limited to, the fact that the child is using a chest-binder, and/or is being identified by names or pronouns not associated with that child's birth sex.

26.     After Plaintiff learned of the chest binder(s) on December 2, 2022, Plaintiff also discovered that school officials had been calling A.B. by a name not on her birth certificate and were referring to A.B. with gender-pronouns not typically associated with A.B.'s biological sex. Plaintiff had never been informed of these facts.

27.     Plaintiff is informed and believes, and on that basis alleges, that failure to inform Plaintiff regarding the school's use of certain pronouns when referring to A.B was the result of the Great Salt Bay School's blanket policy, pattern, and practice of intentional withholding and concealment of such information from all parents.

28.     Specifically, Plaintiff is informed and believes, and on that basis alleges, that Defendants Roy and Berk chose, at A.B's request, to use a different name and pronouns when speaking to or about A.B., and that other officials at the school, including some teachers, did so afterwards. At no time, however, did any Defendant or any other school official inform Plaintiff of these facts.

29.     Plaintiff is informed and believes, and on that basis alleges, that Defendants withheld and concealed this information from her pursuant to a blanket policy, pattern, and practice of withholding and concealing information respecting "gender-affirming" treatment of minor children from their parents.

30.     Plaintiff has never given Defendants cause to believe that A.B. will be harmed in any way by Plaintiff's knowledge of such facts, nor is there any basis for such a belief. Consequently there is no rational basis for the Defendants' withholding and concealing such information.

31.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have no policy or procedure whereby Plaintiff can have input respecting Defendants' decision to implement a different name and pronouns respecting A.B., or providing A.B. with devices including, but not limited to, chest-binders.

32.    After discovering the chest binder on December 2, 2022, Plaintiff met with the Defendant Principal Schaff and Defendant Superintendent Johnston respectively. That meeting took place on or about December 5, 2022.

33.    Plaintiff alleges that Defendants Schaff and Johnston expressed sympathy with Plaintiff, and concern that this information had been withheld and concealed from her.

34.    On December 7, 2022, however, Defendant Johnston in a subsequent meeting with Plaintiff explained that no policy had been violated by the giving of chest binders to A.B., or by school officials (specifically Defendants Roy and Berk) employing a different name and pronouns with respect to A.B., without informing Plaintiff.

35.    As a consequence of Defendants' policy, pattern, and practice of withholding and concealing of crucially important and intimate psychosexual information about her minor child, as alleged herein, Plaintiff decided to withdraw A.B. from the Great Salt Bay Community School on December 8, 2022, and began to homeschool A.B.

36.    Almost immediately afterwards, on December 12, 2022, Plaintiff was visited by agents of the Maine Office of Child and Family Services. These agents informed Plaintiff that they had received an anonymous report that Plaintiff was emotionally abusive towards A.B. The investigation was completed on January 13, 2023, with a finding that the information obtained by the investigation did not support a finding of neglect or abuse. *See* Jan. 13, 2013 Letter attached as Exhibit 2.

37.    Plaintiff would have continued to send A.B. to the Great Salt Bay Community School but for the Defendants actions complained of herein.

**Public communications regarding the incident**

38.     On December 14, 2022, Plaintiff spoke publicly about these incidents at the Great Salt Bay School Board Meeting. At that meeting, Plaintiff detailed the trust that had been broken by Defendants withholding and concealing vitally important information from her respecting her minor child's psychosexual development and stated that the "decisions made [by the school] drove a wedge between a child and her parents."

39.     Defendant School Board provided no response to Plaintiff's comments at the School Board meeting. Since then, however, Defendant School Board has released two separate statements regarding this incident, and Defendant Principal Schaff has also released a statement regarding this incident.

40.     In its first statement, dated December 19, 2022, Defendant Great Salt Bay Community School Board asserted that all students at Great Salt Bay Community School—which serves kindergarten through eighth grade—have a "right to privacy regardless of age." The Statement did not explain what justification exists for a blanket policy, pattern, and practice of concealing and withholding vital information about children from their parents. *See* Dec. 19, 2022 Statement attached as Exhibit 3.

41.     In its second statement, dated January 14, 2023, Defendant Great Salt Bay Community School Board asserted that the school had received bomb threats in the preceding days. The statement asserted that the threats were caused by "certain parties … spreading a grossly inaccurate and one-sided story to which the Board cannot specifically respond, given our obligation to maintain the confidentiality of student and employee information." *See* Jan. 14, 2023 Statement attached as Exhibit 4.

42.    The Second Statement specifically asserted, with respect to the giving of a chest binder, the using of a new name and different pronouns, and without informing Plaintiff of these decisions, that "neither the Board nor school administration are aware of any violation of policy or law which requires further action at this time." *Id.*

43.    This is a *post hoc* ratification of the actions of Defendants Roy, Berk, and Schaff by the Great Salt Bay Community School District Board.

44.    The Third Statement was issued by Defendant Schaff on February 26, 2023. *See* Feb. 26, 2023 Letter attached as Exhibit 5.

45.    The Third Statement alleged that "[a] misunderstanding of [state] laws pertaining to gender identity and privileged communication between school social workers and minor clients has resulted in the school and staff members becoming targets for hate speech and on-going threats." *Id.*

46.    Defendant Schaff also asserted that Defendants' actions with respect to Plaintiff and A.B. were governed by Title 20-A, § 4008, which provides that "[a] school counselor or school social worker may not be required, except as provided by this section, to divulge or release information gathered during a counseling relation with a client or with the parent, guardian or a person or agency having legal custody of a minor client." *Id.*

47.    However, the Third Statement offered no explanation of how the giving of a chest compression device or the employment of alternate names and pronouns constitutes "information gathered." *Id.*

**School Policies**

48.    Plaintiff is informed and believes, and on that basis alleges, that Defendants contend that their actions with respect to all allegations herein were mandated by school board policies—specifically the School Transgender Student Guidelines, adopted on March 13, 2019 ("Transgender Guidelines"), and the Policy regarding Staff and Student Conduct, adopted February 13, 2013 ("Conduct Policy").  *See* Transgender Guidelines attached as Exhibit 6 and Conduct Policy attached as Exhibit 7.

49.    Neither the Transgender Policy nor the Conduct Policy nor any other legal authority justify the withholding of vital information about a minor child's psychosexual development, including their asserted gender identity, from the child's parents, absent some evidence of actual and substantial risk to the child. On the other hand, if they do, they are unconstitutional.

50.    The Transgender Guidelines state that they are intended to: "1. To foster a learning environment that is safe, and free from discrimination, harassment and bullying; and 2. To assist in the educational and social integration of transgender students in our school." *See* Exhibit 6.

51.    The Transgender Guidelines are silent with respect to the giving of chest binders or any other devices to students with or without the knowledge or consent of the student's parent(s). The Guidelines also do not mandate the involvement of parents at any point in the process of deciding whether to use alternate names and pronouns.

52.    The Conduct Policy is intended "to ensure that the interactions and relationships between staff members and students are based upon mutual respect and trust."

53.    The Conduct Policy includes a non-exhaustive list of unacceptable conduct. One action explicitly prohibited under this policy is asking the student to keep a secret. *See* Exhibit 7.

## Injuries to Plaintiff

54.    Plaintiff has a fundamental constitutional right to control and direct the care, custody, education, upbringing, and healthcare decisions of her children. By withholding and concealing vital information about her minor child's asserted gender identity—information any conscientious parent has a compelling interest in knowing—Defendants effectively rendered it impossible for Plaintiff to exercise that fundamental constitutional right.

55.    For example, by withholding and concealing information from Plaintiff, Defendants left Plaintiff without the ability to choose how to advise A.B. with respect to the risks and benefits of wearing a chest binder, or the potential future consequences of employing an alternate name and pronouns.  The Defendants' policy, pattern, and practice of concealment also left Plaintiff without the ability to seek additional or alternative educational, emotional, mental and physical health arrangements for A.B.

56.    Defendants' acts and omissions alleged herein forced Plaintiff to remove A.B. from Great Salt Bay Community School because she could no longer trust that she would be informed of circumstances that are vitally important to the mental health and emotional and physical well-being of A.B. Plaintiff has also been forced not to send her children C.D. and E.F. to Great Salt Bay Community School as she had planned to do, because she cannot trust that school officials will be truthful toward her about their individual circumstances.

## Declaratory and Injunctive Relief Allegations

57.    An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties. Plaintiff contends, pursuant to 42 U.S.C. § 1983, that the Great Salt Bay Community School Transgender Student Guidance violates her parental rights by

withholding and concealing information as alleged herein. Plaintiff is informed and believes, and on that basis alleges, that Defendants hold their actions to have been in all respects lawful.

58.    Accordingly, declaratory relief is appropriate.

59.    Due to Defendants' actions and policies, Plaintiff has been compelled to seek alternative education arrangements for A.B., C.D., and E.F. If not permanently enjoined by this Court, Defendants and their agents, representatives, and employees will continue to implement the policy, pattern, and practice of concealment alleged herein, which deprives Plaintiff of liberty without due process of law. Thus, the policy, pattern, and practice of concealment in which Defendants have engaged, are now engaged, and will continue to engage, are now causing and will continue to cause Plaintiff to suffer irreparable injury, including but not limited to, the cost and burden of homeschooling her children.

60.    Plaintiff has no plain, speedy, and adequate remedy at law for these injuries.

61.    Accordingly, injunctive relief is appropriate.

## CAUSES OF ACTION

### Count 1
### Substantive Due Process – Fourteenth Amendment

62.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1–61 of this Complaint as if fully set forth herein.

63.    One of the rights that the Supreme Court has repeatedly held to be a fundamental right protected under the Fourteenth Amendment (deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty) is the right of parents to control and direct the education and general upbringing of their own child. *See, e.g., Troxel v. Granville*, 530 U.S. 57 (2000).

64.     The state may intercede in a parent-child relationship only when necessary to protect the health or safety of a child.

65.     The Great Salt Bay Community School Board's official policy and widespread custom of making decisions for students without informing or consulting with their parents established an environment in which giving A.B. a chest binder and instructing A.B. on how to use a chest binder—without consulting Plaintiff, and afterwards withholding or concealing this information from Plaintiff—was not only allowed but considered standard practice for Defendant Roy.

66.     By giving A.B. chest binders and instructing A.B. on how to use a chest binder—without consulting Plaintiff, and afterwards withholding or concealing this information from Plaintiff, Defendant Roy violated this right, causing such injuries as making it impossible for Plaintiff to advise A.B. with respect to the risks and benefits of using such devices.

67.     By ratifying these decisions by Defendant Roy organizational Defendant Great Salt Bay Community School Board violated Plaintiff's parental rights for the same reason, causing the same injures.

68.     Defendants' actions alleged herein were undertaken pursuant to a blanket policy, pattern, practice, and custom and Defendants engaged in no process to determine whether any specific circumstances existed in A.B.'s case that might warrant the withholding or concealment of information from Plaintiff.

69.     Defendants' actions indicate a deliberate indifference to Plaintiff's parental rights which shock the contemporary conscience because there is no sufficient government interest that would justify Defendants' actions.

14

70.    Defendant Great Salt Bay Community School Board showed a deliberate indifference towards Plaintiff's parental rights as the evidence and post hoc ratification and rationalization make clear that Defendant's Roy, Berk, and Schaff were not properly trained on the relevance and requirements of parental rights with respect to giving of chest binders or other chest compression garments to students.

71.    There is no compelling, substantial, important, or even rational reason for the concealment of information alleged herein, nor was such concealment necessary to achieve, narrowly tailored to, reasonably related to, or rationally related to any compelling, substantial, or legitimate government interest.

72.    As a direct result of the Great Salt Bay Community School Board's widespread custom of making decisions about students with respect to issues that directly affect the mental health or physical well-being of a child without parental notice or consent which led to Defendant Roy giving a chest binder to A.B., Plaintiff has suffered an immediate and direct injury for which she is entitled to compensation.

73.    The Great Salt Bay Community School Board will continue to engage in violations of parental Fourteenth Amendment rights if it is not enjoined from continuing to enforce this policy and widespread custom.

### Count 2
### Substantive Due Process – Fourteenth Amendment

74.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1–73 of this Complaint as if fully set forth herein.

75.    The Great Salt Bay Community School Board's widespread custom of making decisions for students, even decisions that implicate the students' mental health, physical well-

being, and their psychosexual development without informing or consulting with their parents created an establishment and environment where Defendants Roy and Berk could began employing alternate names and pronouns for A.B. at school while withholding or concealing that information from Plaintiff.

76.    The Great Salt Bay Community School Board's widespread custom of making decisions for students, even decisions that implicate the students' mental health, physical well-being, and their psychosexual development without informing or consulting with their parents created an establishment and environment were Defendant Principal Schaff could allow staff of Great Salt Bay School to refer to A.B. by alternate names and pronouns while withholding or concealing that fact from Plaintiff.

77.    The actions of Defendants Schaff, Roy, and Berk were pursuant to a blanket policy, pattern, practice, and custom which withholds or conceals information from parents without regard to individual circumstances, and evidenced a deliberate indifference to Plaintiff's parental rights which shocks the contemporary conscience because there is no sufficient government interest in this situation that justifies their actions.

78.    There is no compelling, substantial, important, or even rational reason for Defendants Schaff, Roy, or Berk to withhold or conceal this information from Plaintiff, nor was such action necessary to achieve, narrowly tailored to, reasonably related to, or rationally related to any compelling, substantial, or legitimate government interest.

79.    Defendant Great Salt Bay Community School Board caused Plaintiff's constitutional injuries by failing to properly train school officials and staff about the meaning and relevance of parental rights in situations where a student asserts a gender identity different from

their biological sex and asks to be known by a name and pronouns that match their gender identity. The failure to adequately train officials about parental rights in the gender identity context after adopting the Great Salt Bay Community School Transgender Guidelines evinces a deliberate indifference towards the constitutional right of parents to control and direct the education, upbringing, and healthcare decisions of their children.

80.    By ratifying and continuing to implement the decisions of Defendants Schaff, Roy, and Berk, the organizational Defendants violated and are continuing to violate Plaintiff's parental rights for the same reasons. Defendant Great Salt Bay Community School Board will continue to engage in violations of parental Fourteenth Amendment rights if it is not enjoined from continuing to allow this policy and widespread custom.

81.    As a direct result of the Great Salt Bay Community School Board's official policy and widespread custom of making decisions about students with respect to issues that directly affect the mental health or physical well-being of a child without parental notice or consent which led to Defendants Roy and Berk calling A.B. a different name and referring to her with pronouns not typically associated with her biological sex, Plaintiff has suffered an immediate and direct injury for which she is entitled to compensation.

<u>**Count 3**</u>
**Substantive Due Process – Fourteenth Amendment**

82.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1–81 of this Complaint as if fully set forth herein.

83.    Defendants Great Salt Bay Community School and Great Salt Bay Community School Board adopted the "Transgender Guidelines" which according to Defendants permit school officials to adopt procedures for the treatment of transgender students without consultation of, and

while withholding or concealing information from, parents, even absent evidence of risk to the child.

84.     Plaintiff is informed and believes, and on that basis alleges, that Defendants contend that the Transgender Guidelines allowed Defendant Roy to give A.B. chest binders and instruct them on their use while withholding and concealing that information from Plaintiff and encouraging A.B. to withhold and conceal that information from Plaintiff.

85.     Plaintiff is informed and believes, and on that basis alleges, that Defendants contend that the Transgender Guidelines allowed Defendants Roy and Berk to employ alternate names and pronouns to refer to A.B. while withholding or concealing that information from Plaintiff.

86.     There is no compelling, substantial, important, or even rational reason for Defendant's policy, pattern, and practice of hiding from parents, vital information about a child's psychosexual development, mental health, and emotional or physical well-being of their children, nor is this policy necessary to achieve, narrowly tailored to, reasonably related to, or rationally related to any compelling, substantial, or legitimate government interest.

87.     As a direct result of the Great Salt Bay Community School Board's official policy of allowing school officials to make decisions about students relating to their psychosexual development, including their gender identity, Plaintiff has suffered an immediate and direct injury for which she is entitled to compensation.

88.     The Great Salt Bay Community School Board will continue to violate parents' longstanding Fourteenth Amendment rights if it is not enjoined from continuing to enforce its Transgender Guidelines in the future.

## Count 4
### Procedural Due Process – Fourteenth Amendment

89.     Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1–88 of this Complaint as if fully set forth herein.

90.     The Due Process Clause of the Fourteenth Amendment protects against government action that impairs constitutional rights without adequate procedural safeguards. Procedural due process forbids the government from depriving Plaintiff of her constitutional rights except through some individualized process and requires the government to consider the significance of her private interest, the risk that the government's procedures might erroneously deprive Plaintiff of that interest, the extent to which different procedures might reduce that risk, and the government's reason, if any, for employing alternative methods of protecting Plaintiff's rights.

91.     The policy, pattern, and practice of the Great Salt Bay Community School with respect to transgender students, or those students who wish to assert a gender identity different from their biological sex, includes *no* mechanism allowing a parent to participate in, or comment on, the school's decision to provide that parent's children with devices such as chest-binders, or to address his or her children by alternate names or pronouns. Instead, the Defendants follow an across-the-board, blanket policy, pattern, or practice that applies to all cases regardless of specific circumstances.

92.     Consequently, Plaintiff was deprived of any opportunity to be a part of the decision-making process for the specific actions that Defendants took with respect to A.B.

93.     The injury is the direct result of Defendant Great Salt Bay Community School Board's failure to create a procedure through which Plaintiff could ensure the protection of her constitutional rights with respect to decisions made by school officials in response to A.B.'s

psychosexual development, including her gender identity, and decisions that will directly affect the mental health or physical well-being of A.B. Plaintiff has suffered an immediate and direct injury from this lack of procedure and is entitled to compensation.

94.    As Plaintiff has additional children and has no plans to move in the near future, the lack of adequate procedural protections continues to harm Plaintiff, because attendance at school is mandatory under state law for any child over the age of 6 years old, and under Maine law the presumed school is a public school unless alternative arrangements are made and will continue to harm Plaintiff unless enjoined. Me. Rev. Stat. tit. 20-A, § 5001-A.

### REQUESTS FOR RELIEF

Plaintiff respectfully requests the following relief:

A.    A declaratory judgment by the Court that Great Salt Bay Community School's policy, pattern, and practice of withholding or concealing from parents, information about the child's psychosexual development, including their asserted gender identity, absent some specific showing of risk to the child, violates the Due Process Clause of the Fourteenth Amendment;

B.    An injunction preventing the school from calling Plaintiff's children by a different name or pronouns without Plaintiff's express consent.

C.    An award of nominal damages in the amount of $1.00 for the violations of Plaintiff's constitutional rights;

D.    An award of actual damages in the amount incurred by the Plaintiff as a result of removing A.B. from Great Salt Bay Community School;

E.    An award of attorney fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

F.    Such other legal and equitable relief the Court may deem appropriate and just.

Respectfully submitted on April 4, 2023, 2022.

/s/ *Brett D. Baber*
Brett D. Baber (Maine Bar No. 3143)
**LANHAM BLACKWEEL & BABER, PA**
133 Broadway
Bangor, ME 04401
Telephone: (207) 942-2898
bbaber@lanhamblackwell.com


Adam C. Shelton
(Pro Hac Vice Application pending)
Scharf-Norton Center for
Constitutional Litigation at the
**GOLDWATER INSTITUTE**
500 E. Coronado Road
Phoenix, Arizona 85004
Telephone: (602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiff*