UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| AMBER LAVIGNE <br><br> Plaintiff <br><br> v. <br><br> GREAT SALT BAY COMMUNITY SCHOOL BOARD, SAMUEL ROY, JESSICA BERK, KIM SCHAFF AND LYNSEY JOHNSTON <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Case No. 2:23-CV-00158-JDL** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Great Salt Bay Community School Board ("School Board" or "Board"), Samuel Roy, Jessica Berk, Kim Schaff, and Lynsey Johnston (collectively the "School") hereby answer Plaintiff's complaint as follows.

1. Paragraph 1 of the Complaint states a legal conclusion not requiring a responsive pleading. To the extent paragraph 1 of the Complaint includes factual allegations, they are denied.

2. Paragraph 2 of the Complaint states a legal conclusion not requiring a responsive pleading. To the extent paragraph 2 of the Complaint includes factual allegations, they are denied.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny each and every allegation contained in Paragraph 4 of the Complaint. The Great Salt Bay Community does not have – nor has it ever had – an official

policy, pattern or practice of concealing information from parents and it did not conceal information from the Plaintiff.

5. Defendants admit that Amber Lavigne resides in Newcastle, Maine, that she has a 13 year old child who is a student at the Great Salt Bay Community School. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that Samuel Roy is a social worker employed by the Great Salt Bay Community School and that he has worked with the student referred to in the Complaint as A.B. Defendants also admit that in the course of performing his job duties Mr. Roy is bound by and authorized to implement the policies of the Great Salt Bay Community School District. Defendants specifically deny that the Great Salt Bay Community School and the Great Salt Bay School Board had a policy of requiring concealment of information from Plaintiff. The remaining allegations contained in Paragraph 6 of the Complaint state legal conclusions not requiring an answer

7. Defendants admit that Jessica Berk is a social worker employed by the Great Salt Bay Community School and that she has worked with the student referred to in the Complaint as A.B. Defendants also admit that in the course of performing her job duties Ms. Berk is bound by and authorized to implement the policies of the Great Salt Bay Community School District. Defendants specifically deny that the Great Salt Bay Community School and the Great Salt Bay School Board had a policy of requiring concealment of information from Plaintiff. The remaining allegations contained in Paragraph 7 of the Complaint state legal conclusions not requiring an answer.

8. Defendants admit that Kim Schaff is the principal of the Great Salt Bay Community School. Defendants also admit that in the course of performing her job duties Ms.

Schaff is bound by and authorized to implement the policies of the Great Salt Bay Community School District. Defendants specifically deny that the Great Salt Bay Community School and the Great Salt Bay School Board had a policy of requiring concealment of information from Plaintiff. The remaining allegations contained in Paragraph 8 of the Complaint state legal conclusions not requiring an answer.

9. Defendants admit that Lynsey Johnston is the Superintendent of Schools for AOS 93 and that she is authorized and required to ensure the Great Salt Bay Community School complied with the policies and rules adopted by the Great Salt Bay School Board and with state laws and rules. Defendants specifically deny that the Great Salt Bay Community School and the Great Salt Bay School Board had a policy of requiring concealment of information from Plaintiff. The remaining allegations contained in Paragraph 9 of the Complaint state legal conclusions not requiring an answer.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants specifically deny that the Great Salt Bay Community School Transgender Student Guidelines are unconstitutional and further deny that the Guidelines provide for the concealment of a decision to provide "gender-affirming" care of any type to a student. Defendants further deny that information was concealed from the Plaintiff and deny that any actions taken by them acting under color of state law caused any injury to Plaintiff. The remaining allegations contained in paragraph 11 of the Complaint state legal conclusions not requiring a responsive pleading. To the extent factual allegations are included in the remaining allegations contained in Paragraph 11 of the Complaint, they are denied.

12. Paragraph 12 of the Complaint states legal conclusions not requiring a responsive pleading. To the extent factual allegations are included in the allegations contained in Paragraph 12 of the Complaint, they are denied.

13. Paragraph 13 of the Complaint states legal conclusions not requiring a responsive pleading. To the extent factual allegations are included in the allegations contained in Paragraph 13 of the Complaint, they are denied.

14. Paragraph 12 of the Complaint states legal conclusions not requiring a responsive pleading. To the extent factual allegations are included in the allegations contained in Paragraph 14 of the Complaint, they are denied except that Defendants admit that they reside within this judicial district.

## STATEMENT OF FACTS

15. Paragraph 15 of the Complaint states legal conclusions not requiring a responsive pleading.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants deny that the Great Salt Bay School has a blanket policy, pattern and practice of intentional withholding and concealment of any information from parents and states affirmatively, that it is the policy, pattern and practice of the Great Salt Bay School to work in partnership with parents regarding matters that affect their children.

22. Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff was informed or believes.  Defendants admit that Defendant Roy helped A.B obtain a chest binder.  Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that chest binders are not medical devices and deny that a properly fitted chest binder poses potential health risks.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint and affirmatively state that the school had been in discussion with Plaintiff about these matters for some time.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that Defendants Roy and Berk and other employees at the school complied with A.B.'s request with regard to name and pronoun use.  Defendants deny that Plaintiff was not informed of this.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint and further answering state that as provided in the District's Transgender Guidelines, parents/guardians are involved in their student's plan and experience throughout the process.

30. The allegations contained in Paragraph 30 are impossible to admit or deny because Defendants did not withhold or conceal information from Plaintiff. To the extent an answer is required, the allegations contained in Paragraph 30 are denied.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint and refer to the Transgender Guidelines attached to Plaintiff's Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff alleges the material set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained din Paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint as to why Plaintiff decided to withdraw A.B. from school but specifically deny that they had a policy, pattern, and practice of withholding and concealing information from Plaintiff.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

**Public communications regarding the incident**

38. Defendants admit that Plaintiff spoke publically on December 14, 2022 at a school board meeting.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that a statement was issued on December 19, 2022 and states that the statement speaks for itself. To the extent the allegations contained in Paragraph 40 of the Complaint are inconsistent with the statement or are incomplete, they are denied.

41. Defendants admit that a statement was issued on January 14, 2023 and states that the statement speaks for itself. To the extent the allegations contained in Paragraph 41 of the Complaint are inconsistent with the statement or are incomplete, they are denied.

42. Defendants admit that a statement was issued on January 14, 2023 and states that the statement speaks for itself. To the extent the allegations contained in Paragraph 42 of the Complaint are inconsistent with the statement or are incomplete, they are denied.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit that a third statement was issued by Defendant Schaff on February 26, 2023 and that Exhibit 5 is an accurate copy of that statement.

45. The statement speaks for itself. To the extent the allegations contained in Paragraph 45 are inconsistent or incomplete, they are denied.

46. The statement speaks for itself. To the extent the allegations contained in Paragraph 46 are inconsistent or incomplete, they are denied.

47. Defendants admit that there is no mention of a chest compression device in the statement.

## School Policies

48. Defendants are without knowledge or information sufficient to form a belief of what Plaintiff is informed of or believes. Defendants admit that a copy of the Transgender Guidelines are attached to the Complaint as Exhibit 6. Defendants deny the remaining allegations contained din Paragraph 48 of the Complaint.

49. Defendants agree that neither the Transgender Policy nor the Conduct Policy encourage withholding of information of any kind from parents and further Defendants state that these policies are intended to foster partnership not exclusion. Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

50. The Transgender Guidelines speak for themselves. To the extent the allegations contained in Paragraph 50 of the Complaint are inconsistent therewith or incomplete, they are denied.

51. Defendants admit that there is no reference to giving chest binders or other devises in the Transgender Guidelines. Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

### Injuries to Plaintiff

54. Paragraph 54 of the Complaint states legal conclusion not requiring a responsive pleading. To the extent Paragraph 54 includes factual allegations, they are denied.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

### Declaratory and Injunctive Relief Allegations

57. Paragraph 57 of the Complaint states legal conclusion not requiring a responsive pleading. To the extent Paragraph 57 includes factual allegations, they are denied.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint

## CAUSES OF ACTION

### Count I
**Substantive Due Process – Fourteenth Amendment**

62. Defendants repeat and reallege each of the responses set forth in Paragraphs 1 through 61 as if fully set forth herein.

63. Paragraph 63 of the Complaint states legal conclusion not requiring a responsive pleading.  To the extent Paragraph 63 includes factual allegations, they are denied.

64. Paragraph 64 of the Complaint states legal conclusion not requiring a responsive pleading.  To the extent Paragraph 64 includes factual allegations, they are denied.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

### Count 2
**Substantive Due Process – Fourteenth Amendment**

74. Defendants repeat and reallege each of the responses set forth in Paragraphs 1 through 73 as if fully set forth herein.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

## Count 3
### Substantive Due Process – Fourteenth Amendment

82. Defendants repeat and reallege each of the responses set forth in Paragraphs 1 through 81 as if fully set forth herein.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

## Count 4
### Procedural Due Process – Fourteenth Amendment

89. Defendants repeat and reallege each of the responses set forth in Paragraphs 1 through 88 as if fully set forth herein.

90. Paragraph 90 of the Complaint states a legal conclusion not requiring a responsive pleading.  To the extent paragraph 90 of the Complaint includes factual allegations, they are denied.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are pled against individual defendants, the claims are barred by qualified immunity

Dated: June 2, 2023 　　　　　　　　　　 /s/ Melissa A. Hewey
　　　　　　　　　　　　　　　　　　　　Melissa A. Hewey
　　　　　　　　　　　　　　　　　　　　Susan M. Weidner
　　　　　　　　　　　　　　　　　　　　**DRUMMOND WOODSUM**
　　　　　　　　　　　　　　　　　　　　84 Marginal Way, Suite 600
　　　　　　　　　　　　　　　　　　　　Portland, Maine 04101-2480
　　　　　　　　　　　　　　　　　　　　(207) 772-1941
　　　　　　　　　　　　　　　　　　　　mhewey@dwmlaw.com
　　　　　　　　　　　　　　　　　　　　sweidner@dwmlaw.com

.