# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| AMBER LAVIGNE  )  )  )  Plaintiff  )  )  v.  )  )  GREAT SALT BAY COMMUNITY  )  SCHOOL BOARD, SAMUEL ROY,  )  JESSICA BERK, KIM SCHAFF AND  )  LYNSEY JOHNSTON  )  )  Defendants  ) | Case No. 2:23-CV-00158-JDL |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

### INTRODUCTION

Plaintiff's Complaint as pled is based on two written policies that were adopted by the Great Salt Bay Community School District School Board and are attached to the Complaint as Exhibits 6 and 7. These policies, Plaintiff alleges in the Complaint, resulted in deprivation of her substantive and procedural due process rights and lead to municipal liability of the School District under the standard adopted by the United States Supreme Court in *Monell v. Department of Social Service*, 436 U.S. 658 (1978). Apparently recognizing no court has yet found the right that Plaintiff claims she has here, and faced with the incontrovertible fact that the policies adopted by the Great Salt Bay School Board specifically provide for parental involvement and plainly do not interfere with any right Plaintiff may have vis-à-vis her child, Plaintiff pivots to a different theory in her opposition to Defendants' motion to dismiss. She abandons the two official policies appended to

her Complaint and argues instead that the School District is liable under some unwritten policy she dubs the "Withholding Policy."  She also walks back her allegation that the School District violated her rights by giving her student a chest binder and using gender pronouns and a name not associated with the student's biological sex, Complaint ¶ 3, ECF Doc. 1, PageID# 1, asserting instead that it is only the alleged concealment of information that she claims is constitutionally prohibited.  *See* Opposition at 8, ECF Doc. 16, PageID #94 ("Defendants contend that 'Plaintiff has no constitutionally protected right to be informed of her child's gender identity at school.' MTD at 18.  But again, that is not what Plaintiff is asserting.  Plaintiff is contending that she has the right not to have information about decisions actively withheld by Defendants pursuant to the Withholding Policy.")

As framed in her Opposition, Plaintiff's claims are based entirely upon alleged withholding of information rather than failure to disclose information.  To be sure, this distinction gives her some basis to distinguish cases like *Foote v. Town of Ludlow*, No. 22-30041, 2022 WL 18356421 (D. Mass. Dec. 14, 2022), *appeal docketed*, No. 23-1069 (1st Cir. Jan. 17, 2023), *Vesely v. Ill. Sch. Dist. 45*, -- F.Supp.3d --, 2023 WL 2988833, and *Regino v. Staley*, No. 2:23-cv-00032, 2023 WL 2432920 (E.D. Cal. March 8, 2023).  The problem with Plaintiff's new theory is that aside from wholey conclusory allegations, Plaintiff has pled nothing more than what she now apparently concedes is not actionable, i.e. that she was not immediately informed about the chest binder and name/pronoun use, *see* Complaint ¶ 21, ECF Doc. 1, PageID # 5 ("Plaintiff had never been informed before that A.B. had been given a chest binder at school or instructed about its use") and ¶ 26, ECF Doc. 1, PageID # 6 (Plaintiff "had never been informed" that A.B. was being called by a different name and referred to by different pronouns).  There are no facts pled in the Complaint that support the contention that Plaintiff was the victim of affirmative withholding of information (which Plaintiff claims is actionable ) as opposed to mere failure to immediately  disclose (which

Plaintiff now seems to concede is not actionable). Plaintiff's new theory fails to meet the *Iqbal* standard of pleading, both by failing to allege that information was affirmatively withheld and by failing to plausibly allege that the School District has a Withholding Policy. For the same reasons, Plaintiff's back-up theories based on an alleged failure to train or ratification by the School Board fair no better. The Complaint – both as pled and as reframed in Plaintiff's Opposition-- should be dismissed.

## ARGUMENT

I. *Plaintiff has Failed to Plausibly Plead that the School District Has an Official "Withholding Policy."*

A complaint will only survive a motion to dismiss when it alleges "enough factual detail to make the asserted claim 'plausible on its face.'" *Falmouth Sch. Dep't v. Doe on behalf of Doe*, 44 F.4th 23, 46 (1st Cir. 2022) (quoting *Cardigan Mtn. Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)). "A claim is plausible when the factual content adumbrated in the complaint permits a reasonable inference that the defendant is liable." *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The First Circuit has explained that "assessing plausibility is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Rodriguez-Reyes v. Molina Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013)). Claims "cannot be wholly conclusory to survive a motion to dismiss," *id*. at 274, and "an inquiring court need not give weight to bare conclusions, unembellished by pertinent facts," *Shay*, 702 F.3d at 83. The "allegations must be 'enough to raise a right to relief above the speculative level,'" such that they are "beyond the realm of pure conjecture, that is, 'across the

line from conceivable to plausible.'" *Id.* at 270, 274 (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 8-9 (1st Cir. 2011)).

In assessing the viability of Plaintiff's Complaint, it is important to start with the concession in her Opposition that she is not asserting any claims for individual liability and that this case is brought solely under the *Monell* standard for institutional liability. *See* Opposition at 3, ECF Doc. 16, PageID # 89 (Defendants' policy of withholding/concealment [] were not the acts of rogue officials, but rather acts pursuant to an official (though unwritten) policy, practice and custom"). Under that standard, a public entity may be held liable under Section 1983 only upon a showing that the challenged actions of an individual were representative of an official policy or custom of the institution. *See St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988); *Bordanaro v. McLeod*, 871 F.2d 1151, 1155 (1st Cir. 1989). The plaintiff must thus show: (1) a municipal custom or policy that is widespread or so well settled that the policymaking officials of the entity can be said to have knowledge of the practice, and (2) that this custom or policy was "the cause of and the moving force behind the deprivation of constitutional rights." *Bordanaro*, 871 F.2d at 1156 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 819).

Here, having abandoned any theory that the School District's official written policies caused her damage,[1] Plaintiff faces a particularly daunting task because, in order to survive a motion to dismiss, she must allege facts that support the existence of an official unwritten custom or policy that contradicts the terms of the official written policies requiring participation of parents

---

[1] In her Opposition, Plaintiff not only states that she is not challenging the written policies but goes so far as to contend that, notwithstanding that she attached them to her Complaint, they are "largely irrelevant." Opposition at 8, ECF Doc. 16, PageID #94. In fact, the Transgender Guidelines, which, as discussed more fully in Defendants' initial brief, provide for parental involvement at every step of the way, specifically contradict Plaintiff's allegation that the District did not provide her with any process through which she could express her opinions, Complaint ¶3, ECF Doc. 1, PageID # 2, and as pointed out in Defendants' initial memorandum, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (quoting *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 229 n.1 (1st Cir. 2013)).

and prohibiting the keeping secrets from them. *See, e.g.* Guidelines at 2, ECF No. 1-6, PageID # 30; Conduct Policy, Complaint Exhibit 7 ,ECF No. 1-7 at 1, Page ID # 34.

The Complaint, however, is utterly devoid of facts that, if true, establish the existence of the alleged Withholding Policy. Plaintiff makes a handful of conclusory allegations that "Plaintiff is informed and believes, and on that basis alleges" that there is such a policy, *see* Complaint ¶¶ 27, 29, ECF Doc. 1, PageID #7, but beyond that, she offers nothing. She does not allege facts that support an inference that the School withheld information from her, such as that she asked for information and the School refused to give it, or that the School affirmatively misrepresented any facts to her. Nor does she alleged that the School has withheld information from anyone else or provide any other allegations to support the existence of a widespread policy. *Iqbal* compels dismissal of the Complaint.

II. *Plaintiff Has Failed to Plausibly Allege that the District is Liable Under a Failure to Train or Ratification Theory.*

Plaintiff's back-up arguments – which are at odds with the allegation that the Withholding Policy was an official policy of the District – are that the District is liable to her under a failure to train theory or because it ratified the wrongful acts of its employees. Here again, Plaintiff fails to meet the *Iqbal* standard.

"[T]he inadequacy of ... training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [officials] come into contact." *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 388 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)); *see also Hayden*, 134 F. 3d at 456 ("The liability criteria for

'failure to train' claims are exceptionally stringent"). Deliberate indifference also requires showing that municipal policymakers had "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights ...." *Connick*, 563 U.S. at 61. Ordinarily, this requires a plaintiff to demonstrate "[a] pattern of similar constitutional violations by untrained employees ...." *Id.* at 62 (citing *Brown*, 520 U.S. at 409, 117 S.Ct. 1382); *see also Haley*, 657 F.3d at 52 ("Triggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies"). [2]

In this case, the only thing that school personnel are alleged to have done[3] is not immediately provide Plaintiff with information concerning issues pertaining to her child's gender identity. Plaintiff has clarified in her Opposition that this does not form the basis of Plaintiff's claims, and she can hardly argue that it is conscious shocking. Aside from a passing allegation of failure to train, Plaintiff's Complaint is virtually silent on the subject and nowhere describes what training Plaintiff claims the School District should have provided. Further, as with the existence of the alleged Withholding Policy, Plaintiff fails to plausibly plead the existence of a pattern.

The same is true of Plaintiff's ratification claims. In *Craig v. Maine Sch. Admin. Dist. No. 5,* 350 F. Supp. 2d 294, 297 (D. Me. 2004), this Court noted that unless the school board had

---

[2] The United States Supreme Court in *Canton* left open the possibility that a consequence of failing to train might be so obvious that a pattern of similar violations might not be necessary to show deliberate indifference, but the Supreme Court since explained that this "hypothesized single-incident liability" applies to a "narrow range" of situations, such as training police officers on the constitutional limitation to the use of deadly force. *Id.* at 63-64 (citing *Brown*, 520 U.S. at 409). This case does not fall within that narrow range.

[3] Plaintiff *argues* that the Withholding Policy "consists of actively keeping information from parents – and even encouraging children to conceal information," Opposition at 7, ECF Doc. 16, PageID #93, but does not *plead* this in the Complaint.

knowledge of a wrongful act and approved of it, it did not ratify the decision. Here, there is no allegation that the Great Salt Bay School Board had any knowledge of a policy violation. Indeed, Plaintiff has alleged that believed just the opposite.

        III.    *The Individual Defendants Should Be Dismissed*.

Plaintiff's insistence that the individuals must remain as defendants in the case notwithstanding that they have only been sued in their official capacities in in direct contradiction to the lengthy argument that this case is about legislative actions of the School District rather than executive actions of its employees. If, as Plaintiff states repeatedly in her Opposition, this case is not about the actions of individuals but rather a policy of the School District, there is absolutely no reason that these individual civil servants need to be burdened by being named in a federal lawsuit.

## CONCLUSION

As *Iqbal* and its progeny make clear, the purpose of a Rule 12(b)(6) motion to dismiss is to root out and dispose of claims that either have no factual or legal basis. Here, Plaintiff's claims have neither. She has failed to point the Court to a single case that holds what the Defendants are alleged to have done in this case is actionable. And although she argues over and over again in her Opposition that the School District has a policy of withholding and concealing information from parents, she fails to allege any facts whatsoever upon which this Court could hold that that theory – even if it could give rise to a claim -- has been plausibly pled. For all of the foregoing reasons, as well as the reasons set forth in Defendants' initial brief, the Complaint should be dismissed.

Dated: July 7, 2023                          /s/ Melissa A. Hewey
                                             Melissa A. Hewey
                                             Susan M. Weidner
                                             **DRUMMOND WOODSUM**
                                             84 Marginal Way, Suite 600
                                             Portland, Maine 04101-2480
                                             (207) 772-1941
                                             mhewey@dwmlaw.com
                                             sweidner@dwmlaw.com